IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY SHANE CANTRELL                                                       PLAINTIFF
ADC # 98730

v.                            CASE NO.: 5:06CV00009 WRW/BD

JIMMY VIA                                                                  DEFENDANT

## RECOMMENDED DISPOSITION

**I.** **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

II.   **Introduction:**

The Plaintiff is an inmate confined to the Varner Unit of the Arkansas Department of Correction ("ADC").  On January 13, 2006, Plaintiff filed a pro se complaint (#2) under 42 U.S.C. § 1983 alleging that several Defendants, all employees of the ADC, were violating his rights under the Eighth and Fourteenth Amendment and that Defendant, Jimmy Via, violated his rights by filing a disciplinary against him in retaliation for a grievance he filed against Mr. Via.  Before service was executed, the District Court entered an order adopting the partial report and recommendations of the Magistrate Judge (#10) and dismissing all of the named defendants except for Mr. Via and all claims except for the retaliation claim.  Pending are Defendant's Motion for Summary Judgment (#24), Defendant's Amended Motion for Summary Judgment (#32), and Plaintiff's Motion for Copies (#42).  Plaintiff filed a Response (#38), Statement of Facts (#42) and Affidavit (#44) in response to the Amended Motion for Summary Judgment.

For the reasons that follow, the Court recommends that Defendant's Amended Motion for Summary Judgment be GRANTED, Defendant's Motion for Summary Judgment be DENIED as moot, and Plaintiff's Motion for Copies be denied as moot.

III.   **Background:**

Plaintiff filed a grievance on December 13, 2005, alleging that Defendant opened and read his legal mail rather than just checking it for contraband.  On December 16, 2005, Plaintiff had a verbal exchange with Defendant in the dining hall over the location

of the cups and spoons.  A few days later, Defendant filed a major disciplinary charging plaintiff with four code violations stemming from the incident in the dining hall. Defendant charged Plaintiff with (1) creating unnecessary noise, (2) insolence to a staff member, (3) using abusive/obscene language to a staff member, and (4) failing to obey verbal and/or written orders of staff.  The charges were referred to a hearing officer.  In his statement to the hearing officer, Plaintiff claimed he was not guilty of any of the violations and alleged the charges were retaliatory against him for writing an informal resolution against Defendant.  On December 21, 2005, the hearing officer held a hearing on the major disciplinary.  Relying on the evidence produced at the hearing, the hearing officer found Plaintiff guilty of three of the four code violations and reduced Plaintiff from a Class I-C to a Class III inmate.  Plaintiff did not appeal the decision of the hearing officer.

     Plaintiff attempted to file a unit level grievance claiming that Defendant filed the disciplinary charge in retaliation.  However, on December 20, 2005, the grievance was returned to the Plaintiff unfiled with a letter explaining that the grievance was not filed because Plaintiff had not first attempted to resolve the complaint through informal resolution as required by the grievance procedure.  A copy of the informal resolution form was attached to the letter.  There is no evidence in the record that Plaintiff ever initiated the informal resolution process to pursue his retaliation grievance.

**IV.     Discussion:**

**A.      Summary Judgment Standard:**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). The judge does not weigh the evidence; rather, a judge's function is to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). The moving party bears the initial burden of identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact. *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir. 1998). This burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986). Once the moving party carries this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Inc. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).

B.     **Failure to Exhaust Administrative Remedies:**

The Prison Litigation Reform Act (the "PLRA") provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Thus, the PLRA requires exhaustion of administrative remedies prior to the commencement of a lawsuit.  See *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct.1819 (2001) (stating that available remedies "must be exhausted before a complaint under § 1983 may be entertained"); see also *Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct.  983 (2002).

The Eighth Circuit, following *Booth* and *Porter*, has held that if exhaustion is not complete at the time of filing, dismissal of the case is mandatory.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.  2003); see also *Chelette v. Harris*, 229 F.3d 684, 687 (8th Cir. 2000).  In the Eighth Circuit, exhaustion is an affirmative defense and Defendant has the burden of pleading and proving the failure to exhaust.  *Nerness v. Johnson*, 401 F.3d 874, 876 (2005).

In his response to the Amended Motion for Summary Judgement, Plaintiff does not dispute that he did not appeal the hearing officer's determination on the disciplinary charge or file an informal grievance based on the alleged retaliation.  Instead, he argues that retaliation claims like his are not subject to the exhaustion requirements of the PLRA.

In *Porter*, supra, the Supreme Court addressed the types of cases brought under § 1983 and other federal law that are subject to the exhaustion requirements of the PLRA. The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Plaintiff's retaliation claim is a suit about prison life that is subject to the exhaustion requirements of the PLRA.

Plaintiff has not refuted Defendant's evidence that he failed to exhaust his administrative remedies. Thus, the Court recommends that the Defendant's Amended Motion for Summary Judgment be granted for Plaintiff's failure to exhaust his administrative remedies.

**C.    Retaliatory and False Disciplinary Charges:**

Plaintiff claims that he was retaliated against for filing a grievance against Defendant for mishandling his legal mail. For retaliation to be actionable, the Defendant must have retaliated against Plantiff for the exercise of a Constitutional right. *Nei v. Dooley*, 372 F.3d 1003, 1007 (8th Cir. 2004) (per curiam). Filing a false disciplinary charge against an inmate is actionable under § 1983 if done in retaliation for inmate's having filed grievances, *under established procedures*, because such retaliation interferes with inmate's access to grievance procedure. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989) (emphasis added).

6

Plaintiff was provided a hearing regarding the allegedly false disciplinary charge. He was found guilty of the charge based on the evidence presented at the hearing. This evidence shows that Plaintiff actually committed disciplinary violations. Based on this alone, Plaintiff's retaliation claim must fail. A finding that a disciplinary is based on some evidence of a violation "essentially checkmates" a retaliation claim. *Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) cert. denied, 515 U.S. 1145, 115 S.Ct. 2584 (1995)*.

**V.     Conclusion**:

The Court recommends that Defendant's Amended Motion for Summary Judgment (#32) be GRANTED, Defendant's Motion for Summary Judgment (#24) be DENIED as moot, and Plaintiff's Motion for Copies (#43) be denied as moot..

DATED this 7th day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE